**Thomas L. GOLDSTEIN, Petitioner—Appellee,**

v.

**G.E. HARRIS, Warden, Respondent—Appellant.**

No. 03–55212.

D.C. No. CV–98–05035–DT.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 2, 2003.

Decided Dec. 4, 2003.

Sean Kennedy, Appointed Fed. Public Defender, FPDCA-Federal Public, Defender'S Office (Los Angeles), Los Angeles, CA, for Petitioner-Appellee.

William H. Davis, Jr., AGCA-Office of the California, Attorney General (La), Los Angeles, CA, for Respondent-Appellant.

Before B. FLETCHER, FARRIS, and WARDLAW, Circuit Judges.

ORDER*

We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, affirm the district court's grant of a conditional writ of habeas corpus to petitioner Thomas L. Goldstein, and order his release from custody.

## I. Goldstein's claims are not procedurally barred.

We previously issued to Goldstein a certification to file a second or successive habeas petition. *See* 28 U.S.C. § 2244(b). He was not required to obtain further authorization to refile his fully exhausted petition after the district court granted him leave to pursue his unexhausted state claims. *See Stewart v. Martinez–Villareal,* 523 U.S. 637, 644–45, 118 S.Ct. 1618, 140 L.Ed.2d 849 (1998).

Goldstein's habeas claims are not barred by the Anti–Terrorism and Effective Death Penalty Act ("AEDPA") because he brought each of his claims within one year of "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Nor does Goldstein seek any "new rule" of constitutional criminal procedure barred by *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989).

## II. All of Goldstein's habeas claims have merit.

The magistrate judge conducted an evidentiary hearing and issued a thorough and well-reasoned report and recommendation to the district court. The district court reviewed the report *de novo,* together with respondent's objections, and adopted the magistrate's findings and conclusions in full.

We hold that the district court did not err in granting Goldstein's habeas petition. The district court's factual findings are amply supported by the record and are not clearly erroneous. The district court applied the correct legal standard under AEDPA when it determined that the California Supreme Court's denial of each of Goldstein's habeas claims was contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d)(1); *Williams v. Taylor,* 529 U.S. 362, 405–06, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

### A. Goldstein's *Brady* claims.

The prosecution's murder case against Goldstein was based almost entirely upon the testimony of Edward Fink, a notorious jailhouse informant, and Loran Campbell, the only eyewitness to identify Goldstein as present at the crime scene.

The district court found that the prosecution withheld critical impeachment evidence regarding an agreement between Fink and law enforcement, pursuant to which Fink received a reduced sentence on a grand theft charge and dismissal of a petty theft warrant in exchange for his testimony against Goldstein. The district court's finding is supported by abundant evidence, including a letter from the Deputy Chief Investigator of the Long Beach Police Department to the Head Deputy of the Los Angeles District Attorney's office requesting that Fink be given a reduced

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

sentence on the grand theft charge in light of his testimony at Goldstein's trial.

Eyewitness Campbell testified before the magistrate judge at the evidentiary hearing. Based on Campbell's testimony, which the court found credible, the court determined that police investigators were impermissibly suggestive during Campbell's identification of Goldstein in a photo lineup. In addition, police officers advised Campbell at trial that he need not retake the stand to clarify his identification testimony upon his realization immediately after leaving the stand that his recognition of Goldstein may have been a result of his meeting Goldstein before the murder occurred. Again, the prosecution failed to provide any of this impeachment evidence to the defense.

■ The prosecution's suppression of this critical impeachment evidence of the only two witnesses linking Goldstein to the murder violated Goldstein's due process rights under *Brady v. Maryland,* 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and *Giglio v. United States,* 405 U.S. 150, 154, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972).

## B.  Goldstein's *Napue* claim.

■ The district court's finding that the prosecution knew or should have known that Fink falsely testified that he was not receiving any benefit from law enforcement for his testimony against Goldstein, and that he had not received similar benefits for prior testimony in other cases, is not clearly erroneous. By obtaining Goldstein's conviction through the use of testimony known to be false, the prosecution violated Goldstein's due process rights under *Napue v. Illinois,* 360 U.S. 264, 269, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959).

## C.  Goldstein's ineffective assistance of counsel claim.

■ Goldstein's trial counsel testified at the evidentiary hearing that he failed to interview the lone eyewitness, Campbell, before trial. The district court did not err in finding that trial counsel's performance was deficient in that regard. Nor did the district court err in determining that counsel's failure to interview Campbell could not have been a tactical decision. There was no tactical reason for failing to interview the sole eyewitness when (1) no physical evidence linked Goldstein to the crime; (2) trial counsel knew that Campbell's identification contradicted the testimony of other witnesses for the prosecution; and (3) the prosecution's other main witness was a notorious jailhouse informant. Moreover, trial counsel, when questioned at the evidentiary hearing, was unable to recall or even to suggest any plausible strategic reason for his failure to interview Campbell. The district court determined that Goldstein was prejudiced by his trial counsel's error because it was reasonably probable that the error affected the outcome of his trial—a finding that respondent does not challenge on appeal. Accordingly, the district court did not err in holding that Goldstein received ineffective assistance of counsel in violation of his Sixth Amendment rights. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

\*     \*     \*     \*     \*     \*

For the foregoing reasons,

1.  We **AFFIRM** the district court's Order and Judgment of December 27, 2002 granting a conditional writ of habeas corpus to Thomas L. Goldstein and **ORDER** respondent to release petitioner Goldstein from custody. We further **ORDER** respondent to discharge Goldstein from all adverse consequences of his

conviction in Los Angeles County Superior Court Case No. A020746, unless he is brought to retrial within sixty (60) days of the date of this Order, plus any additional delay authorized under State law, and that Goldstein be released from incarceration in the interim;

2. We **VACATE** our Order of August 7, 2003 granting respondent's motion for a stay of the issuance of the conditional writ pending appeal; and

3. We **ORDER** the district court's Order of July 11, 2003 setting bail vacated as moot.

It is so **ORDERED.**